WHYBRA *v.* GUSTAFSON.

1. BASTARDS—SETTLEMENT—CIRCUIT JUDGES.

A circuit judge no longer has the power to order a settlement in a proceeding under the present paternity act (CLS 1956, § 722.713).

2. SAME—SUPPORT OF CHILD.

The present paternity act expresses a public policy of requiring that the parents of a child born out of wedlock are liable for its support and education (CLS 1956, §§ 722.712, 722.713, 722.717, 722.721).

3. SAME—SUPPORT OF CHILD.

Any support order in a paternity proceeding must take into account the living situation of the child, the amount of care and support available to it from the mother, and the father's ability to pay (CLS 1956, §§ 722.712, 722.713, 722.717, 722-.721).

4. SAME—ADEQUACY OF LUMP SUM.

The responsibility of a father for a child born out of wedlock does not terminate at the end of 5 years, hence, order of filiation requiring him to pay 35% of amount which might have been allowed in divorce proceedings, or $2,000, or 5 yearly instalments of $400 each with interest, and specified sum for confinement costs not previously paid is not in conformity with present paternity act provisions requiring parents of such child to provide for its support and education (CLS 1956, §§ 722.712, 722.713, 722.717, 722.721).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  7 Am Jur, Bastards § 79 *et seq.*
[3, 4]  7 Am Jur, Bastards §§ 69, 122, 131.
  Financial status of defendant in bastardy proceeding as affecting amount of award for support and maintenance.   74 ALR 763.
[5]  7 Am Jur, Bastards § 122.
[6]  7 Am Jur, Bastards §§ 89, 129.
  Allowance of attorneys' fees in bastardy proceedings.   40 ALR2d 961.

5. SAME—EVIDENCE—INCOME AND WEALTH OF FATHER'S PARENTS.

The father of a child born out of wedlock is liable for the support and education of the child, hence, trial court did not err in refusing to receive testimony pertaining to the income and wealth of the defendant father's parents as they have no obligation to pay for his child (CLS 1956, §§ 722.712, 722.713, 722.717, 722.721).

6. SAME—ATTORNEY FEES.

The present paternity act authorizing the unwed mother to initiate proceedings by an attorney of her own choosing *at her own expense* thereby forbids the award of attorneys' fee to her when she sees fit to procure her own counsel rather than to rely on the prosecuting attorney (CLS 1956, §§ 722.714, 722.717).

Appeal from Chippewa; Baldwin (George S.), J. Submitted October 4, 1961. (Docket No. 11, Calendar No. 48,696.) Decided December 28, 1961.

Complaint by Muriel Whybra (Wybra) against Richard B. Gustafson under paternity act. Order of filiation entered with provision for lump-sum payment and discharge of defendant from further liability. Plaintiff appeals. Reversed and remanded.

*Clevenger & James* (*Raymond F. Clevenger,* of counsel), for plaintiff.

*Coates & Kline* (*C. W. Coates,* of counsel), for defendant.

EDWARDS, J. This is an appeal resulting from trial in the Chippewa county circuit court of a complaint lodged by plaintiff-appellant herein under the terms of the paternity act (CLS 1956, § 722.711 *et seq.* [Stat Ann 1957 Rev § 25.491 *et seq.*]). The essential allegations of the complaint are that defendant Gustafson was the father of a child born to complainant October 18, 1958, out of wedlock. The complaint sought a finding of parentage in relation to the defendant and an order of filiation under the act, and it

sought the confinement expense for complainant as well as support for the child up to the 18th birthday, and attorneys' fees.

It appears that the 2 people, complainant and defendant, started going together in high school but that the pregnancy took place during the senior year of defendant who was a year-and-3-months younger than complainant and 2 years behind her in school. Complainant is now married to another man by whom she has another child, and the defendant is now attending William and Mary college and is planning on going to law school thereafter.

At pretrial counsel for defendant admitted paternity, and the only issues which were submitted to the court at the time of trial pertained to the amount of support for the child, and whether or not the statute authorized the court to award an attorneys' fee.

After receiving testimony on the financial situation of both parties, the circuit judge entered an order of filiation and required defendant to pay $2,000 in a lump sum or 5 yearly instalments of $400 each with interest, and $220 as confinement costs not previously paid. He denied the request for attorneys' fee. The circuit judge wrote a very interesting opinion, holding that support for a child under this statute should be computed differently than support ordered in a divorce action, citing differences in the father's relationship to this child from the divorce situation. He said:

"These are factors inherent in the situation why the full allowance for 1 child as in a divorce case should not be used, and the court has taken 70% as a reasonable adjustment for the differences. Since the mother is charged with some of the support, the court feels 35% is a proper basis for the award."

The circuit judge then sought to apply this 35% against a friend-of-court schedule of support and

thus arrived at the $2,000 support figure, payable over 5 years by the father.

This statute provides for voluntary settlement of this type of claim by the parties. Under the preceding statute a power to effect such a compromise and discharge was placed in the hands of the circuit judge. CL 1948, § 722.611 (Stat Ann 1957 Rev § 25.461). But this section was materially altered in the new paternity act which provided:

"Sec. 3. (a) An agreement or compromise made by the mother or child or by some authorized person on their behalf with the father concerning the support and education of the child shall be binding upon the mother and the child only when the court having jurisdiction to compel support and education of the child shall have determined that adequate provision is reasonably secured by payment or otherwise and has approved the agreement or compromise.

"(b) The performance of the agreement or compromise, when so approved, shall bar other remedies of the mother or child for the support and education of the child." CLS 1956, § 722.713 (Stat Ann 1957 Rev § 25.493).

We believe the circuit judge was in error in failing to recognize that the new act had eliminated the circuit judge's power to order a settlement. Or, if his order be construed as a lump-sum order for payment now of all support contemplated by the act, we cannot regard the order as either adequate or in compliance with the language and intent of the act.

The support provisions of the new paternity act provide:

"Sec. 2. (a) The parents of a child so born out of wedlock are liable for the necessary support and education of the child." CLS 1956, § 722.712 (Stat Ann 1957 Rev § 25.492).

"Sec. 7. (a) If the defendant acknowledges paternity orally to the court  *  *  *  the court shall make

an order of filiation, declaring paternity and for the support and education of the child.

"(b) The order of filiation shall specify the sum to be paid weekly or otherwise, until the child reaches the age of 18. In addition to providing for the support and education, the order shall also provide for the payment of the necessary expenses incurred by or for the mother in connection with her confinement; for the funeral expenses if the child has died; for the support of the child prior to the making of the order of filiation; and such expenses in connection with the pregnancy of the mother or of the proceedings as the court deems proper." CLS 1956, § 722.717 (Stat Ann 1957 Rev § 25.497).

"Sec. 11. (a) If a mother of a child born out of wedlock possesses property and fails to support and educate her child, the court having jurisdiction * * * may examine into the matter and after a hearing may make an order charging the mother with the payment of money weekly or otherwise for the support and education of the child. * * *

"(c) Nothing in this section shall be deemed to relieve the father from liability for support and education of the child in accordance with the provisions of this act." CLS 1956, § 722.721 (Stat Ann 1957 Rev § 25.501).

Patently, these provisions seek to express society's concern with the support and education of the "child born out of wedlock." In terms of need for support and education, we see no difference between children born in or out of wedlock. There is no such thing as a 35% child. There is no justification in the statute for an arbitrary rule which limits support from the natural father to 35% of that which might be ordered in a divorce proceeding, or which terminates his obligation to the child in 5 years.

Any support order should, of course, take into account the living situation of the child, the amount of care and support available to it from the mother, and the father's ability to pay. It is entirely possible that

such considerations would dictate an order of support in this case for the current year of an amount not far in excess of that which was actually provided. But we can discover no justification for terminating the father's responsibility at the end of 5 years, or for assuming that his total contribution to "the support and education" of his child should be $2,000.

Plaintiff contends also that the trial court erred in refusing to receive testimony pertaining to the income and wealth of the defendant father's parents. The statute makes the father liable and makes no reference to his parents. He can be questioned about his total resources, including any contributions regularly made to him by his parents. But the circuit judge was right in excluding testimony pertaining to his parents' ability to pay for his child since they have no obligation to do so.

As to the last issue (pertaining to the question of attorneys' fees), appellant contends that CLS 1956, § 722.717 (Stat Ann 1957 Rev § 25.497), which provides

"(b) The order of filiation shall specify the sum to be paid weekly or otherwise  *  *  *  and such expenses in connection with the pregnancy of the mother or *of the proceedings as the court deems proper*" (Emphasis supplied.)

authorizes the court to award attorneys' fees against the father.

The appellee counters by arguing that the statute provides that the prosecuting attorney should handle the complaint on behalf of the unwed mother, but also says:

"Sec. 4.  *  *  *
"(c)  *  *  *  Provided, however, That the complaint may be reduced to writing and such proceedings initiated and conducted by an attorney of the mother's own choosing *at her own expense.*"  (Em-

phasis supplied.) CLS 1956, § 722.714 (Stat Ann 1957 Rev § 25.494).

This paragraph which specifically authorizes the mother to bring these proceedings contains the limiting phrase "at her own expense." This seems to indicate a definite legislative intent to forbid the award of attorneys' fees when she sees fit to procure her own counsel rather than to rely on the prosecuting attorney. On this point also, we find no error.

For the reasons previously outlined, we vacate the order previously entered, and remand for further proceedings consistent with this opinion.

Reversed and remanded. Costs to appellant.

DETHMERS, C. J., and CARR, KELLY, BLACK, KAVANAGH, and SOURIS, JJ., concurred.

OTIS M. SMITH, J., took no part in the decision of this case.