## WHYBRA *v.* GUSTAFSON.

1. BASTARDS—SUPPORT OF CHILD—UNIFORM SCHEDULE OF SUPPORT PAYMENTS—DISCRETION OF COURT.

Support order, that accompanied order of filiation, awarding $9 a week for care of child, which did not follow uniform schedule of support payments usable in divorce cases but took into consideration the over-all condition of the parties concerned *held*, not an abuse of judicial discretion which the Court of Appeals will disturb on appeal.

2. SAME—SUPPORT OF CHILD—PAYMENT SCHEDULE—DISCRETION OF COURT.

Judge should not blindly follow any support payment schedule in a filiation proceeding in abdication of his duty to exercise judicial discretion.

3. SAME—SUPPORT OF CHILD—PAYMENT SCHEDULE—CIRCUMSTANCES OF PARTICULAR CASE.

Support payment schedule should not serve as a substitute for an examination and careful evaluation of the circumstances of each filiation proceeding.

4. SAME—SUPPORT OF CHILD.

Any support order in a filiation proceeding should take into consideration the living situation of the child, the amount of care and support available to it from the mother, and the father's ability to pay.

Appeal from Chippewa; Baldwin (George S.), J. Submitted Division 3 December 8, 1965, at Lansing. (Docket No. 19.)   Decided March 22, 1966.

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 10 Am Jur 2d, Bastards § 127.

Complaint by Muriel Whybra against Richard B. Gustafson under paternity act. Order of filiation entered with provision for lump-sum payment and discharge of defendant from further liability. Plaintiff appealed. Reversed and remanded. See 365 Mich 396. On remand, order of filiation and support in the amount of $9 a week was entered. Plaintiff appeals. Affirmed.

*Clevenger & James* (*Raymond F. Clevenger,* of counsel), for plaintiff.

*Coates & Kline* (*C. W. Coates,* of counsel), for defendant.

McGREGOR, J. Plaintiff appeals from the judgment of the circuit court awarding her $9 per week against the defendant for the support of their illegitimate child. This judgment was entered upon retrial as ordered by the Supreme Court in *Whybra* v. *Gustafson* (1961), 365 Mich 396, in which the facts are fully stated. Plaintiff contends that the judgment below is erroneous because the amount awarded is approximately half of the amount proposed under the uniform schedule for support payments in use as a guide by the local circuit court in divorce cases.

No judge may blindly follow any support payment schedule in abdication of his duty to exercise judicial discretion therein. No such schedule may serve as a substitute for an examination and careful evaluation of the circumstances of each particular case. The duty of the trial court is summarized in *Whybra* v. *Gustafson, supra,* at p 400:

"Any support order should, of course, take into account the living situation of the child, the amount of care and support available to it from the mother, and the father's ability to pay."

The trial judge found that the defendant, at the hearing on remand, was earning a net weekly wage of $84 but that until three months before hearing, the defendant had no substantial income because of his attendance at college and service in the army. The court further found that the cost of raising the child was exaggerated by the plaintiff in view of the fact that she has married and the child is now part of a three-child household. The trial judge stated in his findings that he took into consideration the overall picture of the parties concerned in reaching his decision. Plaintiff can demand no more.

In the absence of any showing by the plaintiff of an abuse of judicial discretion this Court will not disturb the judgment of the circuit court. The judgment is affirmed, and costs are awarded to the appellee.

LESINSKI, C. J., and QUINN, J., concurred.