KENNER v WATHA

Docket No. 50638. Submitted August 20, 1981, at Detroit.—Decided
    April 22, 1982. Leave to appeal applied for.

Karen E. Kenner brought a paternity action against Sabri Wa-
    tha. Following a jury trial the Macomb Circuit Court, Kenneth
    N. Sanborn, J., entered an order of filiation. Defendant ap-
    pealed, alleging several errors. *Held:*

1. Defendant's claim that the trial court should have ordered
blood tests is without merit. Defendant neither requested such
tests nor objected at trial to the fact that the tests had not been
made.

2. Defendant was not erroneously compelled to testify against
himself. He was called by the plaintiff as an adverse witness
and did not object to testifying. He also chose to testify in his
own case in chief. His testimony was voluntary.

3. Defendant claims that he was denied effective assistance of
counsel. His remedy for ineffective assistance is not a new trial.
Rather, he may bring an action for legal malpractice.

4. The jury verdict was not against the great weight of the
evidence.

5. The plaintiff was not entitled, in this case, to an award of
attorney fees. The circumstances under which such an award
could be made were not present here. The award of attorney
fees is set aside.

Affirmed in part, reversed in part and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 10 Am Jur 2d, Bastards § 32.
    Blood grouping tests. 46 ALR2d 1000.
[2] 10 Am Jur 2d, Bastards § 111.
[3] 16A Am Jur 2d, Constitutional Law § 842.
    Right of indigent defendant in paternity suit to have assistance of
    counsel at state expense. 4 ALR4th 363.
[4] 7 Am Jur 2d, Attorneys at law § 202.
[5] 5 Am Jur 2d, Appeal and Error § 835.
    58 Am Jur 2d, New Trial §§ 160, 161.
[6] 20 Am Jur 2d, Costs §§ 72, 79.
    22 Am Jur 2d, Damages § 165.
[7, 8] 10 Am Jur 2d, Bastards § 126.

J. H. Gillis, P.J., concurred in all matters except the allowance of attorney fees. He would hold that policy reasons, statutory authority and case precedent favor an award of attorney fees to a prevailing plaintiff in a paternity action. He would affirm.

Opinion of the Court

1. Children Born out of Wedlock — Paternity — Blood Tests.

A trial court is under no duty to compel a defendant in a paternity action to undergo blood tests; the Paternity Act mandates an order for blood tests upon the application of the alleged father, and a defendant who did not request blood tests and made no objection at trial to the fact that no tests had been made has waived his right to have the tests conducted (MCL 722.716; MSA 25.496).

2. Children Born out of Wedlock — Paternity — Witnesses.

The statutory right of an alleged father in a paternity case not to be compelled to testify was not violated by his being called to testify pursuant to the adverse witness statute, nor was his Fifth Amendment right against self-incrimination violated, where, under the circumstances, the alleged father's testimony can only be characterized as voluntary (US Const, Am V; MCL 600.2161, 722.715[a]; MSA 27A.2161, 25.495[a]).

3. Attorney and Client — Paternity — Indigent Defendant.

An indigent defendant in a paternity action is entitled to assigned counsel at the government's expense, which implies the right of effective assistance of counsel.

4. Attorney and Client — Ineffective Assistance of Counsel — Paternity.

The remedy of a defendant in a paternity action for ineffective assistance of counsel is to bring an action for legal malpractice; such a defendant is not entitled to a new trial on the grounds of ineffective assistance of counsel.

5. Appeal — Jury Verdict.

The Court of Appeals, in considering a claim that a jury verdict was against the great weight of the evidence, construes the evidence most favorably toward the party in whose favor the verdict was given and will reverse the verdict only if it was against the overwhelming weight of the evidence.

6. Damages — Attorney Fees — Statutes.

Generally, the recovery of attorney fees, either as an element of costs or as an item of damages, is not allowed unless expressly

authorized by statute or court rule (MCL 600.2405[6]; MSA 27A.2405[6]).

7. DAMAGES — ATTORNEY FEES — PATERNITY — COURT RULES.

A trial court is not permitted to award attorney fees as a matter of course to a prevailing plaintiff in a paternity action; an award of attorney fees will be permitted only where the defendant's denial of paternity was unreasonable, in which case recovery may be had pursuant to court rule (GCR 1963, 111.6).

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY J. H. GILLIS, P.J.

8. DAMAGES — ATTORNEY FEES — PATERNITY.

*A prevailing plaintiff in a paternity action is entitled to an award of attorney fees.*

*Clark, Hardy, Lewis, Fine & Pollard, P.C.* (by *Richard M. Tuyn),* for plaintiff.

*William A. Basse,* for defendant on appeal.

Before: J. H. GILLIS, P.J., and T. M. BURNS and N. J. KAUFMAN, JJ.

PER CURIAM. This paternity action culminated with a jury finding that defendant was the father of Brian James Kenner, a child born to plaintiff. An appropriate order of filiation was entered and, following denial of his motion for new trial, defendant appeals as of right.

Defendant first argues that he is entitled to a new trial because blood tests were not taken and submitted for the jury's consideration. See MCL 722.716; MSA 25.496.[1] The record of the pretrial

[1] "(a) In any proceeding under this act before trial, the court, *upon application made by or on behalf of the alleged father,* shall order that the mother, child and alleged father submit to 1 or more blood tests to determine whether or not the defendant can be excluded as the father of the child. No blood test of any child shall be taken before the child reaches the age of 6 months. Whenever the court orders any blood test to be taken and the mother refuses to submit either herself or the child to the test, such fact shall be disclosed upon the trial unless good cause is shown for not doing so." (Emphasis supplied.)

conference indicates that the parties anticipated having blood tests taken prior to trial. Although tests were scheduled at one point during the pendency of the suit, they were subsequently cancelled and never conducted. The trial court records do not reveal that defendant ever specifically requested blood tests, and no objection was made at trial to the fact that the tests had not taken place.

Under these circumstances, we hold that defendant effectively waived his right to the tests. The applicable statute mandates an order for blood tests "upon application made by or on behalf of the alleged father". A trial court is under no duty to compel tests where they are not requested. Defendant's claim that the court was required to order, *sua sponte,* blood tests to preserve due process rights is without merit.

Defendant next contends that his rights under § 5(a) of the Paternity Act, MCL 722.715(a); MSA 25.495(a), and the Fifth Amendment were violated when he was called by plaintiff to testify pursuant to the adverse witness statute. MCL 600.2161; MSA 27A.2161. Section 5(a) of the Paternity Act provides that an "alleged father shall not be compelled to testify". However, in the instant case, we can only conclude that defendant's testimony was voluntarily given. Although called by plaintiff under the adverse witness statute, defendant did not object to testifying. Moreover, the request to take the witness stand should have come as no surprise since defendant had been named on plaintiff's list of proposed witnesses. Defendant was not prejudiced since he also chose to testify in his own behalf and, thus, would have been subject to cross-examination even if he hadn't been called during plaintiff's case in chief. Finally, defense counsel apparently used the fact that defendant testified to

curry favor with the jury during closing argument. Therefore, defendant's testimony can only be characterized as voluntary and within the terms of the Paternity Act.

For the same reason, defendant's right against self-incrimination was not violated. The Fifth Amendment, like the statutory section, forbids "compelled" testimony.

"The amendment speaks of compulsion. It does not preclude a witness from testifying voluntarily in matters which may incriminate him. If, therefore, he desires the protection of the privilege, he must claim it or he will not be considered to have been 'compelled' within the meaning of the Amendment." *United States v Monia,* 317 US 424, 427; 63 S Ct 409; 87 L Ed 376 (1943).

Defendant's voluntary testimony did not act to deprive him of his constitutional rights.

Defendant also claims that he was denied effective assistance of counsel inasmuch as counsel failed to obtain blood tests, to secure medical records to determine whether the child was born prematurely, and to object to application of the adverse witness statute.

An indigent defendant in a paternity action is entitled to assigned counsel at the government's expense. *Artibee v Cheboygan Circuit Judge,* 397 Mich 54; 243 NW2d 248 (1976). This entitlement implies the right of effective assistance of counsel. *Covington v Cox,* 82 Mich App 644, 651; 267 NW2d 469 (1978). Nevertheless, the remedy for ineffective assistance of counsel in a paternity action is not the granting of a new trial.

"There are pertinent distinctions between a criminal action and a paternity proceeding that obviate the

necessity for vacating an order of filiation granted because of a serious mistake made by defense counsel. First, as discussed above, the consequences of such an order are not so severe as to mandate reversal in the interests of the integrity of the judicial system. Second, insofar as the consequences of a filiation and support order are monetary, an action for malpractice provides an adequate remedy for incompetent representation; whereas, such an action obviously would be ineffectual to compensate a wrongfully convicted criminal defendant.

"Given the absence of any systemic or practical necessity for affording the requested remedy, we hold that a defendant in a paternity action may not challenge the verdict on the ground that he was denied effective assistance of counsel." *Covington v Cox, supra,* 651 (footnote omitted).

Since defendant otherwise has an adequate remedy for counsel's alleged inadequacies, he is not entitled to a new trial.

Defendant argues next that the jury verdict was contrary to law and against the great weight of the evidence. In reviewing such a jury verdict, we construe the evidence most favorably toward the party in whose favor the verdict was given and reverse only if the verdict was against the overwhelming weight of the evidence. *McKinney v Anderson,* 373 Mich 414; 129 NW2d 851 (1964), *Doyle Vacuum Cleaner Co v F J Siller & Co,* 55 Mich App 601, 611; 223 NW2d 86 (1974).

During trial, conflicting evidence was presented on the issue of paternity. Plaintiff testified that she had intercourse with defendant 50 times, and that he was the only person she had intercourse with. Motel registration cards were introduced to show that plaintiff and defendant stayed in a motel together at the claimed time of conception. Plaintiff pointed out characteristics that the baby

shared with defendant and the child was shown to the jury for comparison. Defendant, on the other hand, testified that he was outside the country when the baby was supposed to have been conceived, although he conceded that he had at other times had intercourse with plaintiff. Further, testimony was admitted that plaintiff had intercourse with two others and that she had been engaged to a third person. Bearing in mind that the credibility of witnesses is a matter for the trier of fact in a paternity case, *Houfek v Shafer,* 7 Mich App 161, 172; 151 NW2d 385 (1967), we cannot say that the verdict rendered was against the great weight of the evidence. The jury could readily have concluded that plaintiff's contentions were more credible than defendant's.

We find defendant's final claim to be of merit. Defendant argues that the trial court erred by ordering him to pay plaintiff's attorney fees in the amount of $6,300. The order of filiation entered provided that plaintiff could tax costs and reasonable attorney fees. Counsel for plaintiff subsequently presented records indicating that 98.5 hours had been spent on the case, billed to plaintiff at the rate of $65 per hour.

The general rule with regard to the taxation of attorney fees is set forth in *State Farm Mutual Automobile Ins Co v Allen,* 50 Mich App 71; 212 NW2d 821 (1973):

"In England, attorneys' fees are taxable as 'costs' of litigation in all civil suits. But American courts have stepped to the beat of a different drummer. As a general rule, our courts have refused to allow recovery of attorneys' fees, either as an element of the costs of the suit or as an item of damages, unless allowance of a fee is expressly authorized by statute or court rule. See 20 Am Jur 2d, Costs, § 72, pp 58-59, and 22 Am Jur 2d,

Damages, § 165, pp 234-235. The rule has persisted despite the vigorous attack of commentators advocating adoption of the English Rule." 50 Mich App 71, 74. (Footnote omitted.) See also MCL 600.2405(6); MSA 27A.2405(6).

Plaintiff contends, and this Court has in the past held, that the taxation of attorney fees is authorized by § 7 of the Paternity Act, MCL 722.717; MSA 25.497, which provides in part:

"(b) The order of filiation shall specify the sum to be paid weekly or otherwise, until the child reaches the age of 18. In addition to providing for the support and education, the order shall also provide for the payment of the necessary expenses incurred by or for the mother in connection with her confinement; for the funeral expenses if the child has died; for the support of the child prior to the making of the order of filiation; *and such expenses in connection with the pregnancy of the mother or of the proceedings* as the court deems proper." (Emphasis supplied.)

In *Whybra v Gustafson,* 365 Mich 396; 112 NW2d 503 (1961), the Supreme Court rejected a claim that the statutory section authorized an award of attorney fees. The Court was convinced that § 4 of the act indicated "a definite legislative intent to forbid" such an award. *Id.,* 402. At the time, § 4 provided that prosecuting attorneys would handle paternity litigation but permitted the proceedings to be conducted "by an attorney of the mother's own choosing *at her own expense".*[2]

[2] The pertinent subsection, MCL 722.714(c); MSA 25.494(c), provided:

"(c) The complaint shall be made to, and for the purpose of this act jurisdiction is conferred upon the circuit court; it shall be reduced to writing by the prosecuting attorney whose duty it shall be to represent the complainant in initiating and conducting the proceedings under this act: Provided, however, That the complaint may be reduced to writing and such proceedings initiated and conducted by an

Subsequently, the Paternity Act was amended and the words "at her own expense" were removed from § 4(c). 1962 PA 238.[3] Thus, when the issue was raised in this Court in *Houfek v Shafer, supra,* the panel concluded that "[t]he deletion of the language construed in *Whybra* eliminate[d] any necessity * * * to follow law founded upon language which no longer exists". *Id.,* 171. The Court held that § 7(b) gave ample justification for an award of attorney fees. *Id.* See also *Oviedo v Ozierey,* 104 Mich App 428, 430; 304 NW2d 596 (1981).

We believe the analysis of *Houfek* is incomplete in one important respect. While the opinion correctly observed that we are no longer bound by *Whybra's* interpretation of § 4(c), it failed to consider anew whether § 7(b) provides an *express* authorization for the imposition of attorney fees. *State Farm Mutual Automobile Ins Co v Allen, supra.*

An express authorization is one that is clear and definite, that is, set forth explicitly in words that

attorney of the mother's own choosing at her own expense. The complaint shall be verified by oath or affirmation of complainant." 1956 PA 205, § 4(c).

[3] MCL 722.714(c); MSA 25.494(c) was further amended by 1972 PA 98 and now reads:

"The complaint shall be made to, and for the purpose of this act jurisdiction is conferred upon the circuit court; it shall be reduced to writing and the proceedings shall be conducted by an attorney employed by the complainant. If the department of social services of the county wherein the complainant resides first determines her to be eligible for public assistance or to be without means to employ an attorney * * *, then the prosecuting attorney * * * shall represent the complainant in initiating and conducting the proceedings under this act. The complaint shall be verified by oath or affirmation of complainant. If no circuit judge for the county wherein the complaint is made is present within the county at the time of the filing of the complaint, then any district judge within the county shall have authority to issue a warrant or summons, to fix the amount of bond or cash deposit in lieu of bond, to approve sureties, to order commitment to the county jail, and to take written acknowledgment or denials of paternity."

are neither dubious nor ambiguous. The phrase "such expenses * * * of the proceedings as the court deems proper" does not provide such an explicit authorization.[4] Therefore, we conclude that a trial court presiding over a paternity action is not, as a matter of course, permitted to award a prevailing plaintiff reasonable attorney fees *qua* actual attorney fees.

We are not unmindful of the rule of statutory construction that the omission of a word in an amendment of a statute is to be assumed intentional. *Sam v Balardo,* 411 Mich 405, 430; 308 NW2d 142 (1981). Moreover, an amended act is to be read in light of any case law prompting the amendment. *Reinelt v Public School Employees' Retirement Board,* 87 Mich App 769, 775; 276 NW2d 858 (1979). One could infer that in amending § 4 and omitting the phrase "at her own expense" the Legislature intended to respond to the holding of *Whybra, supra.* It is noteworthy that the amending act was passed within one year of the Supreme Court decision. However, we must reject such an implication. The act in question, 1962 PA 238, provided a wholesale revision of § 4(c). Under the prior section, prosecuting attorneys handled paternity actions as a matter of course, although mothers were permitted to retain their own counsel if they desired. Under the amended act, prosecuting attorneys are to represent only indigent mothers. In all other cases, paternity proceedings are to be conducted by an attorney "employed" by the mother. The use of the word "employed" renders the phrase "at her

---

[4] By way of contrast, the statute may be compared with other direct authorizations for attorney fees, *e.g.,* GCR 1963, 726, GCR 1963, 749.4, 750.4; MCL 451.810(a)(3); MSA 19.776(410)(a)(3), MCL 570.12; MSA 26.292, MCL 600.2431(2); MSA 27A.2431(2), MCL 600.2435; MSA 27A.2435, MCL 600.2425(1); MSA 27A.2425(1); GCR 1963, 526.7, 116.5, 306.7, 313.1(3) and (4), 111.6, and 816.5(2).

own expense" superfluous, an indication that the elimination of the language was not in response to *Whybra,* but simply a by-product of the restructuring of the section.[5]

We agree that there are sound policy reasons for ordering certain losing paternity defendants to pay reasonable attorney fees. The threat of such an award may discourage defendants from obstructing and protracting the proceedings. Otherwise recalcitrant fathers will be more likely to admit paternity to avoid the imposition of attorney fees. This fosters one purpose of the Paternity Act, to induce fathers to admit paternity early without protracted litigation. *Oviedo v Ozierey, supra,* 430-431.[6]

Still, the danger of the unduly obstinate paternity defendant does not necessitate that all paternity defendants be threatened with the possibility of a substantial attorney fee award. A claim of paternity is not an incontestable matter and we do little to advance the cause of justice and general fair play by establishing a rule of procedure which tends to coerce all defendants. The policy behind awarding attorney fees in paternity cases is adequately met by GCR 1963, 111.6, which provides:

"Unwarranted Allegations and Denials. If it appears at the trial that any fact alleged or denied by a pleading ought not to have been so alleged or denied and

---

[5] Nonetheless, we do not interpret the use of the word "employed" as an indication that the Legislature desired to preclude the award of attorney fees. Rather, we base our holding on the fact that the Legislature has declined to expressly provide for attorney fees in § 7(b). For that matter, it seems likely that the original phrase "at her own expense" reflected not the Legislature's desire to preclude attorney fee awards, but its desire to make clear that the state was not to pay for independently retained counsel.

[6] Indeed, *Oviedo* documents an example of extreme recalcitrance on the part of a paternity defendant who ultimately conceded paternity without trial. 104 Mich App 428, 432-433.

such fact if alleged is not proved or if denied is proved or admitted, the court may, if the allegation or denial is unreasonable, require the party making such allegation or denial to pay to the adverse party the reasonable expenses incurred in proving or preparing to prove or disprove such fact as the case may be, including reasonable attorney fees."

The court rule allows a trial court to penalize the truly intransigent defendant who unreasonably denies paternity. See *Oviedo v Ozierey, supra,* 434-435.

In the instant case, there is no indication that defendant's denial of paternity was unreasonable, nor has plaintiff ever claimed relief under GCR 1963, 111.6. Therefore, we set aside that portion of the judgment awarding plaintiff $6,300 in attorney fees. Plaintiff may tax costs in lieu of attorney fees pursuant to MCL 600.2441(2)(c); MSA 27A.2441(2)(c).

Affirmed in part and reversed in part. Remanded for entry of judgment consistent with this opinion. No costs on appeal, neither party having fully prevailed.

J. H. GILLIS, P.J. *(concurring in part, dissenting in part).* The majority opinion presents an excellent discussion of the policy reasons, statutory authority and case law precedent favoring an award of attorney fees to a prevailing plaintiff in a paternity action. I find its attempt to neutralize these arguments unconvincing. Accordingly, for the reasons stated in the majority opinion, I would affirm the award of attorney fees.

In all other respects I agree with the majority opinion.