SAGER v BORCZAK

Docket No. 62611. Submitted May 3, 1983, at Detroit.—Decided September 14, 1983.

Laurie L. Sager brought a paternity action against Louis A. Borczak, Jr., in St. Clair Circuit Court. Sager was represented by the St. Clair County Prosecuting Attorney and, upon a finding of paternity, the prosecutor petitioned for costs and attorney fees of $913.75. The court, Ernest F. Oppliger, J., held that the prosecutor is not entitled to attorney fees under the Paternity Act. Plaintiff appeals. *Held:*

Nothing in the statute providing for payment of expenses and support indicates that a prosecuting attorney's expenses are not covered by the "expenses of proceedings" provision of the statute. The case is remanded to the circuit court for consideration of whether attorney fees are warranted under the court rules, and the court is reminded that a prosecutor's office does not operate like a private for-profit practice and that this fact should be taken into consideration when establishing a reasonable attorney fee.

Reversed and remanded.

Children Born out of Wedlock — Paternity Actions — Prosecuting Attorneys — Attorney Fees.

The Paternity Act does not preclude a prosecuting attorney from recovering expenses incurred in bringing a paternity action; the statute makes no distinction between retained counsel and representation by the prosecutor (MCL 722.717[b]; MSA 25.497[b]).

*Robert H. Cleland,* St. Clair County Prosecuting Attorney, and *C. Denton Wolf,* Chief Appellate Attorney, for plaintiff.

*Mary Beth Black,* for defendant.

References for Points in Headnote
10 Am Jur 2d, Bastards §§ 80, 89.
63 Am Jur 2d, Prosecuting Attorneys § 18.

Before: GRIBBS, P.J., and BRONSON and BEASLEY, JJ.

PER CURIAM. This appeal involves attorney fees in a paternity case. The plaintiff, Laurie Lynn Sager, was represented by the St. Clair County Prosecuting Attorney in the paternity action against Louis Anthony Borczak, Jr. Upon a finding of paternity, the prosecutor petitioned for costs and attorney fees of $913.75 ($35 per hour for 19-1/4 hours). MCL 722.717(b); MSA 25.497(b). The circuit court determined that the prosecutor is not entitled to attorney fees under the terms of the Paternity Act. We reverse and remand.

The Paternity Act provides:

"the order [of filiation] shall also provide for the payment of the necessary expenses incurred by or for the mother in connection with her confinement; for the funeral expenses if the child has died; for the support of the child prior to the making of the order of filiation; *and such expenses* in connection with the pregnancy of the mother or *of the proceedings as the court deems proper."* MCL 722.717(b); MSA 25.497(b) (emphasis added).

We accept the dicta of another panel of this Court that nothing in the statute quoted indicates that a prosecuting attorney's expenses are not covered by the "expenses of proceedings" section. *Oviedo v Ozierey,* 104 Mich App 428, 430; 304 NW2d 596 (1981). The statute does not require that the "expenses * * * of the proceedings" be the *mother's* expenses. The statute makes no distinction between retained counsel and representation by the prosecutor. In fact, a 1962 amendment to the Paternity Act deleted language which allowed attorney fees only to the prosecutor. 1962 PA 238. See *Whybra v Gustafson,* 365 Mich 396;

112 NW2d 503 (1961); *Houfek v Shafer*, 7 Mich App 161, 171; 151 NW2d 385 (1967).

We remand for consideration of whether attorney fees are warranted under GCR 1963, 526 and 111.6. The circuit court is reminded that a prosecutor's office does not operate like a private for-profit practice; this should be taken into consideration when establishing a reasonable attorney fee.

Reversed and remanded.