BAUMGARDNER v BALMER

Docket No. 89392. Submitted October 7, 1986, at Grand Rapids. Decided January 6, 1987.

April A. Baumgardner successfully sought an order of filiation from the Allegan Circuit Court, George R. Corsiglia, J., establishing Bruce R. Balmer as the father of her child. Defendant appealed from the trial court's award of $500 to plaintiff for attorney fees and as a sanction, pursuant to a court rule, for defendant's unwarranted denials in his pleadings and during the proceedings.

The Court of Appeals *held:*

1. Attorney fees may not be recovered as an element of costs unless authorized by statute or court rule.

2. No statute or court rule authorizes an award of attorney fees in a paternity action.

3. Defendant only denied plaintiff's allegation that he had failed to provide for the support of the child and other expenses in connection with plaintiff's confinement and support of the child. The denial was not unwarranted nor did it call for the imposition of a sanction since plaintiff testified that defendant had held odd jobs to help support the child.

Award reversed.

1. COSTS — ATTORNEY FEES.

Attorney fees may not be recovered as an element of costs unless they are authorized by statute or court rule.

2. COSTS — ATTORNEY FEES — PATERNITY ACTIONS.

A court may not award attorney fees in a paternity action.

*Cunningham, Mulder & Breese, P.C.* (by *Ronald J. Vander Veen*), for defendant.

REFERENCES

Am Jur 2d, Bastards § 126.

Am Jur 2d, Costs §§ 72-75.

Allowance of attorneys' fees in bastardy proceedings. 40 ALR2d 961.

Before: MacKenzie, P.J., and T. M. Burns and P. R. Joslyn,* JJ.

Per Curiam. Defendant appeals as of right from a $500 award, representing attorney fees, in this paternity action. We reverse the award.

### ATTORNEY FEES

As a general rule, American courts have refused to allow the recovery of attorney fees either as an element of the costs of a suit or as an item of damages, unless allowance of a fee is expressly authorized by statute or court rule. *State Farm Mutual Automobile Ins Co v Allen,* 50 Mich App 71, 74; 212 NW2d 821 (1973). See also *Matras v Amoco Oil Co,* 424 Mich 675, 695; 385 NW2d 586 (1986).

In Michigan, attorney fees may not be recovered as an element of costs unless they are authorized by statute or court rule. The power to tax costs in Michigan is wholly statutory. *Kuberski v Panfil,* 275 Mich 495; 267 NW 730 (1936); *Gundersen v Bingham Farms,* 1 Mich App 647; 137 NW2d 763 (1965). However, the Legislature has, by statute, indicated that except as otherwise provided by statute the Supreme Court is to regulate the taxation of costs by court rule. MCL 600.2401; MSA 27A.2401. When costs are allowed, *any attorney fees authorized by statute or by court rule* may be taxed and awarded as costs. MCL 600.2401; MSA 27A.2401, MCL 600.2405(6); MSA 27A.2405(6).

Moreover, the general rule in Michigan is apparently that attorney fees are not recoverable at common law as an item of damages. Several exceptions to the general rule were mentioned in *State*

* Circuit judge, sitting on the Court of Appeals by assignment.

*Farm v Allen, supra.* None of those exceptions are applicable in this case.

Thus, in order to resolve this case, we must determine whether any statute or court rule authorizes the recovery of attorney fees in a paternity action. We find no authority to support the trial court's award of attorney fees in this case.

It has been suggested that an award of attorney fees is authorized by § 7 of the Paternity Act, MCL 722.717; MSA 25.497, which provides in part that an order of filiation shall provide for "such expenses in connection with the pregnancy of the mother or of the proceedings as the court deems proper." In *Kenner v Watha,* 115 Mich App 521; 323 NW2d 8 (1982), lv den 417 Mich 910 (1983), this Court determined that the ambiguous language of § 7 did not authorize an award of attorney fees. We agree with the holding of *Kenner* and disagree with the contrary holding of *Oviedo v Ozierey,* 104 Mich App 428; 304 NW2d 596 (1981), and *Houfek v Shafer,* 7 Mich App 161; 151 NW2d 385 (1967). At most, § 7 of the Paternity Act authorizes the taxation of costs in paternity actions. It does not in any manner refer to "attorney fees." Even if costs are allowed, attorney fees may be recovered only if they are authorized by statute or court rule. The statute provides no authority for the award of an attorney fee in this case.

### SANCTIONS UNDER MCR 2.114(E)

The trial court apparently also relied on MCR 2.114(E) as providing support for the $500 award. The trial court apparently felt that defendant had made unwarranted denials during the course of the proceedings and that a sanction could therefore be imposed in accord with MCR 2.114(E). We disagree.

Every pleading of a party represented by an attorney must be signed by at least one attorney of record. MCR 2.114(B). The signature of the attorney constitutes a certification that: (1) he or she has read the pleadings; (2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and (3) the pleading is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation. MCR 2.114(D). If a pleading is signed in violation of the requirements of MCR 2.114(D), the court must impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees. MCR 2.114(E). The provisions of MCR 2.114 are applicable to actions under the Paternity Act. MCR 3.212(A).

The use of a sanction is inappropriate in this case. The trial court did not refer to any specific allegation or denial by defendant which it felt was unwarranted. A review of the record reveals that defendant admitted every allegation of the complaint except for a portion of one allegation. Defendant admitted that he was the father of the child. Defendant denied only that he had "failed to provide for the support and education of the child, or other expenses of plaintiff in connection with her confinement and support of said child." At trial, plaintiff indicated that the child was born on October 2, 1979, and that she lived with defendant from that date through July 4, 1984. She also

testified that defendant had held odd jobs during that time and that both she and defendant used their incomes to support the child. Thus, defendant's denial was not unwarranted. Even if the denial had been unwarranted, the record does not reveal which of plaintiff's expenses were incurred because of the denial.

### CONCLUSION

That portion of the trial court order awarding plaintiff $500 either as an attorney fee or as a sanction is reversed.