BESSMERTNAJA v SCHWAGER

Docket No. 118599. Submitted February 13, 1991, at Lansing. Decided September 3, 1991, at 9:25 A.M.

Ludmila Bessmertnaja brought a paternity action in the Livingston Circuit Court against Rainer Schwager in November 1987, alleging that her son, Daniel Bessmertnaja, born November 5, 1977, in the Soviet Union, was fathered by the defendant. Before filing her action in Michigan, the plaintiff, who had emigrated with her son from the Soviet Union to Sweden, brought a paternity action in a Swedish court. That court determined the defendant to be the child's father, but declined to order the payment of child support. The Livingston Circuit Court, Stanley J. Latreille, J., issued an order of filiation, directing the defendant to pay weekly child support and the attorney fees and expenses incurred by the defendant in bringing the Michigan action. The defendant appealed.

The Court of Appeals *held:*

1. The 1986 amendment of MCL 722.714(2); MSA 25.494(2), the statute of limitations for paternity actions in Michigan, which extended the period of limitation from six years to any time before a child's eighteenth birthday, did not deprive the defendant of a vested right to the shorter limitation period. The right to defeat a claim by interposing a statute of limitations is not a vested right.

2. There is no merit in the defendant's claim that he was denied a fair trial because the witnesses, documents, and information necessary for his defense were beyond the subpoena power of the trial court. Discovery and sanctions for the failure to comply with orders of discovery were available under

REFERENCES

Am Jur 2d, Bastards §§ 78, 79, 94, 126, 130; Limitation of Actions §§ 40, 44, 46, 76.

Statute of limitations in illegitimacy or bastardy proceedings. 59 ALR3d 685.

Allowance of attorneys' fees in bastardy proceedings. 40 ALR2d 961.

Judgment in bastardy proceeding as conclusive of issues in subsequent bastardy proceeding. 37 ALR2d 836.

the court rules to the defendant, who simply failed to make use of available discovery procedures.

3. The defendant's claim that he was denied equal protection because he cannot request visitation, could not subpoena witnesses, and is subject to the longer period of limitation is without merit. Pursuant to § 10 of the Paternity Act, MCL 722.720; MSA 25.500, the parties remain under the continuing jurisdiction of the trial court, which can order reasonable visitation, increase or decrease the amount of child support, and modify child custody. Discovery, including the right to subpoena witnesses, was available to the defendant. Finally, no equal protection implications arise from the fact that the statutory period of limitation for paternity actions in Michigan is longer than those in other jurisdictions.

4. The principles of comity and res judicata do not bar the plaintiff from relitigating the issue of paternity. It is the public policy of Michigan to provide support to illegitimate children, and that policy would be contravened if the Swedish judgment, which made no provisions for support, were to be recognized and given effect.

5. The trial court did not abuse its discretion in awarding attorney fees and expenses. Although the trial court erroneously awarded attorney fees as a sanction for a pleading signed in violation of MCR 2.114, § 7 of the Paternity Act, MCL 722.717; MSA 25.497, nevertheless requires an order of filiation to provide for the payment of expenses in connection with the pregnancy of the mother or with the proceedings as the court considers proper. The plaintiff's attorney fees and expenses were properly awarded under the Paternity Act.

Affirmed.

1. LIMITATION OF ACTIONS — STATUTES OF LIMITATION — VESTED RIGHTS.

A defendant against whom an action would have been barred under a prior, shorter statutory period of limitation may not claim that the adoption of a longer statutory period of limitation results in the deprivation of a vested right; the right to defeat a claim by interposing a statute of limitation is not a vested right.

2. PARENT AND CHILD — PATERNITY ACTIONS — COMITY — RES JUDICATA.

The principles of comity and res judicata do not bar a plaintiff in a paternity action in Michigan from relitigating the issue of paternity and child support where the plaintiff's prior paternity action in a foreign jurisdiction resulted in a declaration of

paternity but not in an order of support; it is the public policy of Michigan to provide support for illegitimate children, and a foreign judgment that contravenes Michigan's public policy is not entitled to recognition or enforcement.

3. PARENT AND CHILD — PATERNITY ACTIONS — ATTORNEY FEES — MOTHER'S EXPENSES.

A court in a paternity action may award to a plaintiff mother the attorney fees incurred in bringing the action and other expenses incurred in connection with pregnancy and the court proceedings (MCL 722.717; MSA 25.497).

*J. Martin Brennan, Jr.,* for the plaintiff.

*Richard J. Poehlman,* for the defendant.

Before: McDONALD, P.J., and BRENNAN and JANSEN, JJ.

JANSEN, J. In an order of filiation dated June 5, 1989, the circuit court declared that defendant was the father of plaintiff's child and ordered defendant to pay $75 a week in child support and $7,260 for plaintiff's attorney fees and expenses. Defendant appeals as of right, alleging that the Paternity Act, MCL 722.711 *et seq.,* MSA 25.491 *et seq.,* is unconstitutional, that plaintiff's claim is barred by the doctrines of comity and res judicata, and that the trial court exceeded its authority and abused its discretion in awarding expenses and attorney fees. We disagree and affirm.

Defendant, a United States citizen, visited the Soviet Union from 1975 through 1977. At that time, defendant had a sexual relationship with the plaintiff, which led to the birth of Daniel Bessmertnaja on November 5, 1977. In October 1977, defendant returned to the United States. In January 1978, defendant visited plaintiff and the child in the Soviet Union. Subsequently, plaintiff and the child immigrated to Sweden, where plaintiff married a Swedish citizen. Plaintiff initiated a

paternity action in Sweden. The Huddinge District Court found defendant to be the child's father, but declined to order defendant to pay child support because there had been no investigation into his finances. Plaintiff then instituted the present action in the United States.

First, defendant claims that § 4(2) of the Paternity Act MCL 722.714(2); MSA 25.491(2), is unconstitutional. We disagree. Initially, defendant claims that the Paternity Act, by extending the statute of limitations so that paternity actions can be brought any time before a child turns eighteen, destroyed defendant's vested property right under the prior six-year period of limitation. We hold that defendant did not have a vested right in having the paternity action barred by the statute of limitations.

The new statute of limitations, enacted in 1986, has been applied retroactively in cases in which the prior six-year period of limitation had already lapsed. *Ozark v Kais,* 184 Mich App 302, 308; 457 NW2d 145 (1990). Generally, a law may not apply retroactively if it abrogates or impairs vested rights. *In re Certified Questions,* 416 Mich 558, 572; 331 NW2d 456 (1982). However, the right to defeat a claim by interposing a statute of limitations is not a vested right. *Pryber v Marriott Corp,* 98 Mich App 50, 57; 296 NW2d 597 (1980), aff'd 411 Mich 887 (1981). To remove the bar that the statute of limitations enables a debtor to interpose to prevent the payment of his debt does not deprive the debtor of his property without due process of law. *Evans Products Co v State Bd of Escheats,* 307 Mich 506, 541-545; 12 NW2d 448 (1943) (quoting *Campbell v Holt,* 115 U S 620, 623; 6 S Ct 209; 29 L Ed 483 [1885]). The statute of limitations does not destroy or pay the debt; rather, it affects the rights of the plaintiff to

recover on the debt. *Id.* at 543. This right may be removed by the Legislature. *Id.* In the present case, the limitation period did not destroy the debt defendant owed as a result of being the father of plaintiff's child. Thus, defendant did not have a vested property right. The new statutory period of limitation does not unconstitutionally deprive defendant of a vested right.

Defendant also claims that the Paternity Act is unconstitutional as it relates to the support and maintenance of illegitimate foreign children. Specifically, defendant claims he was denied the right to a fair trial by his inability to produce witnesses, documents, and information for his defense because this information is beyond the subpoena power of the court. We disagree.

A party may obtain discovery regarding any matter relevant to the subject matter of a paternity action. MCR 2.302(B)(1); *Young v Jangula,* 176 Mich App 478, 480; 440 NW2d 642 (1989). Further, defendant can move for an order to compel discovery under MCR 2.313(A) and move for sanctions under MCR 2.313(B) if the other party fails to comply with the discovery order.

In the present case, defendant admitted that he did not have witnesses whom he wished to subpoena. The only specific pieces of evidence that defendant argues were not provided were papers and documents from the Swedish paternity action. However, defendant did not make a motion for the court to issue a discovery order. On the basis of these facts, we hold that defendant was not deprived of his right to a fair trial, because there were avenues available for him to obtain any information necessary. Defendant simply chose not to pursue those avenues.

Defendant also claims that the Paternity Act is unconstitutional in the present case because it

denies him equal protection since he cannot request visitation, cannot subpoena witnesses and doctors for his defense, and is subject to the longer period of limitation. Defendant's argument is meritless. Plaintiff, in initiating the present suit, subjected herself to the court's jurisdiction. Under MCL 722.720; MSA 25.500, the court has continuing jurisdiction over paternity proceedings to increase or decrease the amount of support, to provide for reasonable visitation, and to change the custody of the child. Thus, defendant is able to request visitation. Likewise, defendant erroneously asserts his inability to obtain discovery. As we have already discussed, defendant had available the civil discovery rules and simply failed to utilize them. Finally, defendant has chosen to live in Michigan and abide by Michigan's laws. No equal protection implications arise from the fact that Michigan laws are more stringent than those of other jurisdictions. Defendant's claim that he was denied equal protection is without merit.

Second, defendant argues that plaintiff's claim is barred by the doctrines of comity and res judicata because the present issues have been fully adjudicated and settled by the courts of Sweden. We disagree.

In recognizing and enforcing the laws of another state, this Court is disinclined to overrule the positive law of this forum to give foreign law effect, especially when it would contravene the fixed policy of the law of this state. *Mt Ida School for Girls v Rood,* 253 Mich 482; 235 NW 227 (1931); *Van Pembrook v Zero Mfg Co,* 146 Mich App 87, 105; 380 NW2d 60 (1985). The public policy of this state is determined by its constitution, statutes, and the decisions of its courts. We hold that the policy of this state is to provide support to illegitimate children. *Whybra v Gustafson,* 365 Mich 396,

400; 112 NW2d 503 (1961); *Boyles v Brown,* 69 Mich App 480, 483; 245 NW2d 100 (1976).

To recognize and enforce the Swedish judgment, which found defendant to be Daniel's father but declined to award support, would contravene Michigan's public policy. Thus, the judgment is not entitled to recognition or enforcement. Having concluded that we will not recognize and enforce the Swedish judgment, the doctrine of res judicata does not preclude the present litigation.

Finally, we address whether the trial court acted beyond its authority and abused its discretion in awarding expenses and attorney fees against defendant. We conclude that it did not, and we affirm.

MCL 722.717(2); MSA 25.497(2) requires that an order of filiation provide "such expenses in connection with the pregnancy of the mother or of the proceedings as the court considers proper." This broad language includes the expenses plaintiff incurred for travel, meals, lodging, and the blood test in instituting the present proceedings in the United States.

In regard to attorney fees, the trial court held that plaintiff was entitled to attorney fees because defendant had unreasonably denied paternity in his answer and continued to unreasonably deny paternity up to and throughout the trial. On the basis of these findings, the trial court awarded attorney fees under MCR 2.114(E), which permits a court to impose sanctions on a person who signs a pleading in violation of the rule. While we hold that the trial court erred in granting attorney fees under MCR 2.114(E), plaintiff was entitled to attorney fees under the Paternity Act.

Attorney fees ordinarily are not recoverable in common law, but may be recoverable where a statute specifically so provides. *Matras v Amoco*

*Oil Co,* 424 Mich 675, 695; 385 NW2d 586 (1986). Section 7 of the Paternity Act, MCL 722.717; MSA 25.497, provides payment for "expenses in connection . . . with the proceedings." Two panels of this Court have found that this language authorizes payment of attorney fees. *Oviedo v Ozierey,* 104 Mich App 428, 430; 304 NW2d 596 (1981), and *Houfek v Shafer,* 7 Mich App 161, 171; 151 NW2d 385 (1967). However, two panels reached a contrary holding in *Baumgardner v Balmer,* 157 Mich App 159, 161; 403 NW2d 525 (1987), and *Kenner v Watha,* 115 Mich App 521; 323 NW2d 8 (1982). We interpret the language in § 7 to encompass an award of attorney fees. The order of attorney fees in the present case is analogous to an award of attorney fees in a divorce proceeding. In divorce proceedings, MCL 552.13; MSA 25.93 authorizes the court to "require either party . . . to pay any sums necessary to enable an adverse party to carry on or defend the action." This language has been used to award attorney fees. *Kurz v Kurz,* 178 Mich App 284, 297-298; 443 NW2d 782 (1989). If the language in MCL 552.13; MSA 25.93 is sufficiently specific to authorize an award of attorney fees, then the language in the Paternity Act encompasses attorney fees as well. Thus, we hold that attorney fees may be awarded under the Paternity Act. Under the facts of the present case, we hold that the award of attorney fees was proper under § 7 of the Paternity Act.

Affirmed.