PEOPLE v. SWEET.

1. BASTARDS—JURY.

The jury's decision in a bastardy proceeding is limited to a determination of whether or not the defendant is the father of the child (CL 1948, § 722.601 *et seq.*).

2. SAME—INSTRUCTIONS—SUPPORT OF CHILD.

Instruction to jury that if it determined defendant was the father of the child that he would be ordered to pay 50% of the child's support *held*, reversible error (CL 1948, §§ 722.604, 722.605).

3. SAME—VERDICT—ORDER OF COURT.

An order made by the court after jury in bastardy proceeding determined defendant was the father of the child is the concern of the court, not the jury (CL 1948, §§ 722.604, 722.605).

4. SAME—ERRONEOUS INSTRUCTION—SPECULATION—REVERSAL OF VERDICT.

Reversal of a verdict in a bastardy proceeding for erroneous instruction given jury is required, where it would be mere speculation to try to decide the extent to which the verdict was influenced thereby (CL 1948, §§ 722.604, 722.605).

Appeal from Wayne; Maher (Thomas F.), J. Submitted June 14, 1956. (Docket No. 66, Calendar No. 46,568.) Decided October 1, 1956.

Bastardy proceedings against Ossian H. Sweet resulting in a jury verdict of guilty. Defendant appeals. Reversed, remanded and new trial granted.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3]  7 Am Jur, Bastards § 125.
[2]  7 Am Jur, Bastards § 128.
[4]  3 Am Jur, Appeal and Error § 1096 *et seq.*

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Gerald K. O'Brien,* Prosecuting Attorney, *Angelo A. Pentolino* and *Peter D. Bartholomew,* Assistant Prosecuting Attorneys, for plaintiff.

*George E. Lee,* for defendant.

BOYLES, J.   The defendant was tried before a jury in the circuit court for Wayne county, charged with being the father of a male child born out of wedlock, on the complaint of the child's mother—commonly referred to as a bastardy proceeding.*   He was found guilty by the jury, and on leave granted appeals.

He seeks reversal solely on claims that the trial court committed prejudicial and reversible errors in charging the jury.   Among others, appellant claims that the court erred in charging the jury as to the legal consequences of a verdict of guilty and in misstating the substantive law applicable thereto.

In part, the court instructed the jury as follows:

"Members of the jury, it is now up to you to decide the parentage of this child.   *   *   *   This is more or less an inquiry to determine whether or not this man, as alleged by the complaining witness, is in fact and in truth the father of her child. That is all there is to it.

"Now if it is determined that he is the father of the child, the court enters an order requiring him to contribute to the extent of 50% of the child's support, requiring him to pay 50% of the child's support for a certain number of years.   In other words, the law looks at these parties as being jointly responsible for the child's support and welfare.   She must support to the extent of 50%, and if he is the father of

---

* CL 1948, § 722.601 *et seq.* (Stat Ann and Stat Ann 1955 Cum Supp § 25.451 *et seq.*).

the child, he must support to the extent of 50% for a certain number of years."

A mere reading of the statute readily discloses that this is not a correct statement of the law. There is no such provision in the statute for a 50–50 liability of the father and the mother of a child born out of wedlock, for the child's support. CL 1948, §§ 722.604, 722.605 (Stat Ann 1955 Cum Supp §§ 25.-454, 25.455).

Furthermore, any order which may be made after a verdict of guilty is the concern of the court, not that of the jury; and there should be no occasion for the court to charge the jury in that regard, in their consideration of their verdict, which is limited to the jury's decision as to whether the defendant is the father of the child. It would be mere speculation, to try to decide the extent to which the verdict of the jury was influenced by this erroneous charge.

Other questions raised by appellant regarding the charge are not likely to recur on another trial.

Reversed and remanded and new trial granted.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, KELLY, CARR, and BLACK, JJ., concurred.