## COCHRAN v BUFFONE

Docket No. 72273. Submitted June 20, 1984, at Lansing.—Decided October 1, 1984.

In 1978, Kristine A. Cochran sought and was granted a divorce from John F. Buffone in Oakland Circuit Court. As part of the judgment of divorce, Buffone was ordered to pay $20 per week for the support of the parties' child, custody of whom had been awarded to Cochran. In 1981, Cochran petitioned for an increase in child support on the basis of changed circumstances, alleging that she was no longer employed, Buffone's earnings had greatly increased and the costs of fulfilling the child's needs had increased. The matter was referred to the friend of the court. Following Buffone's answering of interrogatories in which he admitted to an income increase of 60 percent since the divorce, the friend of the court recommended that the child support be increased to $35 per week. Cochran objected, requesting that support be set at $63 per week and that the increased support be made retroactive to the date she filed her petition for modification of the divorce judgment. The trial court, Robert L. Templin, J., entered an order setting child support at $35 per week with no retroactive application of the increase. Cochran moved for a rehearing, arguing that she had

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 24 Am Jur 2d, Divorce and Separation § 847.

[1, 3, 5] 59 Am Jur 2d, Parent and Child § 56.

Power of court to modify decree for support of child which was based on agreement of parties. 61 ALR3d 657.

Excessiveness of amount of money awarded as child support. 1 ALR3d 382.

Adequacy of amount of money awarded as child support. 1 ALR3d 324.

[2, 3] 24 Am Jur 2d, Divorce and Separation § 1091.

[4] 24 Am Jur 2d, Divorce and Separation § 1037.

59 Am Jur 2d, Parent and Child § 70.

Validity and effect, as between former spouses, of agreement releasing parent from payment of child support provided for in an earlier divorce decree. 100 ALR3d 1129.

[5, 6] 24 Am Jur 2d, Divorce and Separation § 1041.

[6] 24 Am Jur 2d, Divorce and Separation §§ 1040, 1084.

not agreed at the time of the divorce to take a lower level of child support in exchange for a greater share of the marital assets, as had been claimed by Buffone. The trial court referred the matter to the friend of the court for an evidentiary hearing. Following that hearing, the friend of the court again recommended child support of $35 per week and the trial court ordered that the child support remain at $35 per week as the court had previously ordered. Cochran requested an evidentiary hearing before the trial court, which the court denied. Cochran appeals. *Held:*

1. Since the parties had not both consented to the recommendation or report of the friend of the court, the trial court was without authority to resolve the dispute on the basis of the friend of the court's recommendation and report. Accordingly, the trial court erred in failing to grant the request for an evidentiary hearing before the court.

2. Since parents may not bargain away the right of their child to adequate support, it would be an abuse of discretion for a court to order inadequate support for a child on the basis that the parties agreed to that level of support.

3. A trial court may order that an increase in the level of child support be effective as of some date prior to the date the order granting the increase in support is entered where there is evidence establishing that the level of child support had become inadequate at some prior date. In considering whether the increase in support should run from some prior date, the court should take into consideration the noncustodial parent's ability to pay and whether either party caused a delay in the resolution of the petition for modification of child support provisions of the divorce judgment.

4. It is the needs of the child and the ability of the noncustodial parent to pay child support which are paramount in the determination of the level of child support which should be paid.

Reversed and remanded.

1. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF CHILD SUPPORT.

The determination of whether to increase or decrease child support pursuant to a petition to modify an order of child support is addressed to the discretion of the trial court.

2. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF CHILD SUPPORT.

A trial court must hold an evidentiary hearing on a petition to

modify an order of child support where there exist factual disputes concerning any changes in circumstances which might warrant modification of the order of child support.

3. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF CHILD SUPPORT — FRIEND OF THE COURT.

    A recommendation of the friend of the court relative to the proper level of child support may not be used as the sole basis upon which a trial court makes its determination to modify an order of child support unless the parties have consented to that recommendation; absent consent by the parties to the recommendation of the friend of the court, the trial court must hold an evidentiary hearing to determine whether there are changed circumstances before it can properly order modification of an order of child support.

4. PARENT AND CHILD — CHILD SUPPORT — STIPULATIONS.

    Parents may not bargain away the right of their child to receive adequate child support; accordingly, an agreement by the parties as to the level of child support is not binding upon a trial court in its determination of the proper level of child support.

5. PARENT AND CHILD — CHILD SUPPORT — ABILITY TO PAY.

    The amount of child support a parent should pay should be determined in light of the parent's ability to pay.

6. PARENT AND CHILD — CHILD SUPPORT — NEEDS OF THE CHILD — ABILITY TO PAY.

    A noncustodial parent who remains employed should not be required to provide additional child support to make up for any loss of support of the child occasioned by the loss of employment of the custodial parent; the level of child support provided by the employed noncustodial parent should be based on the needs of the child and the noncustodial parent's ability to pay.

*Cooke & Stevens* (by *Kim Daniel Cooke),* for plaintiff.

*Hudnut & Ravitz, P.C.* (by *Lee G. Ravitz),* for defendant.

Before: MacKenzie, P.J., and Beasley and J. R. Kirwan,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

J. R. Kirwan, J. Plaintiff appeals as of right from the trial court's order denying an increase in child support as requested in plaintiff's motion for a rehearing of her motion for modification of the judgment of divorce.

Plaintiff wife and defendant husband were divorced on August 1, 1978. Plaintiff was awarded custody of the parties' seven-year-old child and defendant was ordered to pay $20 per week in support of that child. On June 17, 1981, plaintiff petitioned the trial court for an increase in child support on the basis of a change of circumstances. Plaintiff claimed that she was no longer employed, that the defendant's earnings had greatly increased and that the costs of fulfilling the child's needs were greater than at the time of the divorce. After the matter had been referred to the friend of the court, plaintiff on February 4, 1984, filed interrogatories requesting defendant to furnish information relative to his current earnings. As defendant did not respond, plaintiff on March 4, 1982, was required to file a motion to compel defendant to answer those interrogatories. Defendant then responded that his income before taxes was in the vicinity of $23,000 per year. The friend of the court thereupon recommended that child support be increased to $35 per week. Plaintiff objected, requesting that support be set at $63 per week and that it be made retroactive to the date of plaintiff's petition. Defendant's attorney admitted that defendant's income had increased 60% since 1978, but argued that the recommendation of the friend of the court was fair and reasonable.

Following arguments, the trial court entered an order setting child support at $35 per week, but did not make its order retroactive. Plaintiff thereupon filed a motion for rehearing which was heard

on August 4, 1982. At the rehearing, counsel for plaintiff denied that plaintiff had agreed at the time of the divorce, as claimed by defendant, to a lower amount of child support in exchange for a greater share of the marital assets. The trial court then ordered the matter referred to the friend of the court for an evidentiary hearing. After the hearing, the record of which was apparently never transcribed, the court ordered that child support remain at $35 per week, which was in accord with the recommendation of the friend of the court. Plaintiff's attorney then requested an evidentiary hearing before the court. This request was denied, the court finding that there was no reason to change its original decision.

I

Plaintiff first claims that the trial court should have held an evidentiary hearing before deciding the amount of the child support increase and that it was an abuse of discretion to rely solely on the friend of the court's recommendation. Plaintiff further argues that there existed no agreement for lower child support at the time of the divorce and that, even if there had been such an agreement, it is unenforceable for the reason that parents cannot bargain away a child's right to adequate support.

Defendant claims that the trial court was not required to hold an evidentiary hearing because there were no relevant facts in dispute. Defendant claims that he admitted that his income had increased substantially since 1978 and that plaintiff admitted that she was voluntarily unemployed. Defendant further argues that the reason the parties agreed to a low child support amount in 1978 is irrelevant: for whatever reasons, the parties

agreed. Defendant also claims that the trial court did not base its decision solely on the friend of the court's recommendation, but that, by deciding to increase defendant's child support payments by only $15 per week, the trial court independently recognized that it would be unfair to order an increase of more than 75% of what was agreed upon in 1978.

It is within the discretion of a trial court to order an increase or decrease in child support any time after the petition for modification has been filed. *Farr v Farr,* 63 Mich App 741; 235 NW2d 31 (1975). This Court has also ruled that a trial court is obliged to hold an evidentiary hearing if there exist factual disputes concerning a change of circumstances relating to a petition for a modification of child support payments. *Dresser v Dresser,* 130 Mich App 130; 342 NW2d 545 (1983).

In this instance, the trial court accepted the friend of the court's recommendation even though it was obvious that both parties had not consented to the recommendation. Whether or not his decision was based upon the friend of the court recommendation or upon the fact that plaintiff had agreed to lower child support in exchange for a greater property settlement at the time of the divorce is unclear from the record. The record is clear however that the trial court did not grant plaintiff's request for an evidentiary hearing before the court. Since this Court has held that a friend of the court recommendation is not competent evidence, *Jacobs v Jacobs,* 118 Mich App 16; 324 NW2d 519 (1982), the trial court was without authority to resolve this dispute on the basis of the friend of the court recommendation unless both parties consented to that recommendation. As both parties did not agree to the friend of the court's

recommendation and as the record is barren of any indication that the parties agreed that the friend of the court's report could be received as evidence, the trial court erred in failing to grant plaintiff's request for an evidentiary hearing before the court.

## II

As this matter is to be remanded to the trial court for an evidentiary hearing, certain legal principles should guide the court in the exercise of its discretion. First and foremost, parents cannot bargain away the right of their child to receive adequate child support payments. *Sayre v Sayre,* 129 Mich App 249, 252; 341 NW2d 491 (1983). Therefore, defendant's argument in this regard is without merit as it would be an abuse of discretion for a trial court to order inadequate support for a child because the parties had so agreed. Secondly, as the purpose of child support is to meet the child's needs, evidence as to when the amount of child support became no longer sufficient to meet those needs should be considered in determining whether an order for increased child support should be made retroactive. Further, while the defendant may claim it would be unfair to burden him with an increase retroactive to the date plaintiff's petition was filed, evidence as to the defendant's ability to pay a retroactive award would be pertinent in resolving this issue. Evidence relating to whether either party caused any delay in the resolution of plaintiff's petition would also be an important factor in determining the date on which any increased level of child support should become effective. Finally, the trial court, in exercising its discretion, in its determination of the amount of child support and the date on which any increased

level of child support should begin, should consider any other relevant fact that bears on the child's needs and the parties' ability to pay.

It is also claimed by the defendant that plaintiff became voluntarily unemployed. Plaintiff claims that she terminated her employment so as to care for a new-born child. Certainly, plaintiff should not be penalized for giving up her employment to care for her new-born child, especially when to do so would not have an appreciable impact upon the amount of child support defendant should be required to pay. Child support should be set on the basis of defendant's ability to pay, *Vaclav v Vaclav,* 96 Mich App 584, 588; 293 NW2d 613 (1980), and this ability is not affected by the employment or nonemployment of the plaintiff. Termination of employment of one parent while the other continues to work will ordinarily have the effect of lowering the standard of living of the child. The parent who remains working, however, should not be required to make up any loss of support occasioned by the loss of employment of the other parent. *Copeland v Copeland,* 109 Mich App 683; 311 NW2d 452 (1981). The working parent should be allowed to continue supporting the child based on the child's needs and his or her ability to pay.

In this case the order to pay $35 per week child support is substantially lower than what is ordinarily awarded by trial courts under similar circumstances. If the trial court decides that such an amount is fair and reasonable, it should set forth its reasons on the record so that, if further review is necessary, it can be determined whether or not an abuse of discretion had occurred.

Reversed and remanded to the trial court for proceedings consistent with this opinion.