YOUNG v JANGULA

Docket No. 104841. Submitted February 14, 1989, at Grand Rapids. Decided April 17, 1989.

Dianna Lynn Young brought a paternity action in the Van Buren Circuit Court against Bernard John Jangula. The trial court, Richard N. Loughrin, J., entered an order of filiation, but denied a discovery motion brought by plaintiff seeking to compel defendant to answer interrogatories regarding his income and financial condition. Plaintiff appealed by leave granted.

The Court of Appeals *held:*

In a typical paternity action, the trial court is asked to decide two issues: (1) whether the defendant is the father of the child; and (2) if he is, the specific sum the defendant shall be obliged to pay for the support of his child. Once paternity is established, the trial court must consider the father's ability to pay in determining the appropriate level of support for the child. Restricting discovery of evidence relating to the father's ability to pay after paternity has been established, as the trial court in this case did, is error.

Reversed and remanded.

PARENT AND CHILD — PATERNITY ACTIONS — DISCOVERY ORDERS.

Once paternity is established with the entry of an order of filiation, it is error for the trial court to deny a discovery motion by which the plaintiff seeks to compel the defendant to answer interrogatories relating to defendant's income and financial condition for purposes of establishing the amount of the defendant's support obligation.

*Abby Rahn,* for plaintiff.

*Early, Lennon, Peters & Crocker* (by *Thomas P. Standal*), for defendant.

REFERENCES

Am Jur 2d, Bastards § 122; Depositions and Discovery §§ 40-44.

Protective orders limiting dissemination of financial information obtained by deposition or discovery in state civil actions. 43 ALR4th 121.

Before: Hood, P.J., and Wahls and Neff, JJ.

Hood, P.J. Plaintiff appeals by leave granted from an order of the Van Buren Circuit Court denying plaintiff's motion to compel discovery in a paternity action. Plaintiff was seeking answers to interrogatories concerning defendant's financial situation for purposes of establishing the amount of defendant's support obligation. We reverse.

The complaint in this case was filed in September, 1983. This is the second time this case is before this Court. In an order of May 13, 1985, we reversed an order of the same judge disqualifying the Van Buren prosecuting attorney from representing plaintiff in this paternity action. (Docket No. 83696).

Following remand, an order of filiation was signed by defendant in September, 1986. The order specifically reserved the issue of past and present support for the child and ordered the Friend of the Court to investigate and prepare a written recommendation. Plaintiff had sought to subpoena information regarding defendant's income prior to the order. The trial court found that the prosecuting attorney had acted beyond her statutory duties in issuing the subpoena and granted defendant's motion to quash.

Following the entry of the order of filiation, plaintiff again sought information concerning defendant's financial situation. The court granted defendant's motion for a protective order, denied plaintiff's motion for discovery, and ordered plaintiff not to attempt further discovery. The court also ordered an evidentiary hearing on the issues of past and present support since the parties had not agreed to the recommendation of the Friend of the Court.

In denying discovery, the trial court gave three

reasons for its decision: (1) discovery could not be used because the issue of the complaint had already been resolved when defendant acknowledged paternity; (2) proceedings to determine the amount of support are not subject to prejudgment rules of discovery; and (3) it was the job of the Friend of the Court to investigate and recommend child support matters.

In general, a trial court's decision to deny discovery will not be reversed in the absence of an abuse of the court's discretion. An abuse of discretion is evidenced by a decision violative of fact and logic. *Eyde v Eyde,* 172 Mich App 49, 54; 431 NW2d 459 (1988). Under the general court rules, parties may obtain discovery regarding any matter relevant to the subject matter in a pending action. MCR 2.302(B)(1). The general court rules apply in paternity cases unless they conflict with the Paternity Act or MCR 3.212. See *Bowerman v MacDonald,* 431 Mich 1, 16; 427 NW2d 477 (1988).

Both parents of a child born out of wedlock are liable for the necessary support and education of the child. MCL 722.712; MSA 25.492. In a typical paternity action, the trial court is asked to decide two issues: (1) the paternity question or whether this defendant is the father of the child; and (2) if he is, the specific sum the defendant shall be obliged to pay for the support of his child. MCL 722.717; MSA 25.497; *Covington v Cox,* 82 Mich App 644, 648; 267 NW2d 469 (1978).

The existence of the obligation—the question of paternity—is a question of fact and either party may demand a jury trial on this issue. MCL 722.715; MSA 25.495; *People v Sweet,* 346 Mich 684, 686; 78 NW2d 598 (1956). Apparently because of the quasi-criminal nature of the proceedings, including the fact that historically a defendant could be arrested under the Paternity Act, a defen-

dant was provided certain protections including the right to refuse to testify. MCL 722.715; MSA 25.495; *Bowerman, supra,* p 9. Since the defendant cannot be compelled to testify, he also cannot be compelled to answer interrogatories in a paternity action. *Pridemore v Williams,* 90 Mich App 483, 488-490; 282 NW2d 363 (1979). Although *Pridemore* does not describe the contents of the interrogatories prohibited there, it is apparent that the Court was concerned with the paternity aspect of the proceedings and whether the defendant was the father of the child in question. *Id.*

Once paternity is established, only the first half of the action is completed. If tried to a jury, its role is over and any resulting order for support becomes the concern of the court. *Sweet, supra.* In determining the appropriate level of support for the child, the court must consider the father's ability to pay. *Whybra v Gustafson,* 365 Mich 396, 400; 112 NW2d 503 (1961); *Hoke v Hoke,* 162 Mich App 201, 206; 412 NW2d 694 (1987). As in any support litigation, the examination into defendant's financial status at this stage of the proceedings becomes essential. *Arnett v Arnett,* 98 Mich App 313, 317-318; 296 NW2d 609 (1980). While the Friend of the Court may be called upon to investigate and recommend on this issue, its report is merely advisory. The report is not binding on the court. *Hoke, supra,* p 208. In fact, as the trial court noted here, since the parties would not agree to accept the Friend of the Court's recommendation, a separate evidentiary hearing is required to resolve their differences on the appropriate level of support. *Cochran v Buffone,* 137 Mich App 761, 766-767; 359 NW2d 557 (1984); *Jacobs v Jacobs,* 118 Mich App 16, 21; 324 NW2d 519 (1982).

To say that discovery is not available when the issue before the court is the appropriate amount of

support is not a logical application of our discovery rules. At this point in the proceedings, the focus is no longer on the defendant's right to deny a paternity obligation. That issue has been resolved. The focus has shifted to the needs of the child and the father's ability to pay. Information is needed for the parties to intelligently evaluate and decide whether to approve the Friend of the Court report. Information is needed for the parties to prepare for the evidentiary hearing on the issue of support. Information must be made available to the court in order to assist it in fashioning an appropriate order of support.

In general, discovery is allowed where the information requested will facilitate the preparation of an issue which must be presented to the court for its determination and will assist the parties and the court in furthering the ends of justice. *Eyde, supra,* p 54. It is understandable that a defendant would resist discovery on his financial status before his obligation to support the child is established. But to then deny discovery after paternity is established would be to deny the plaintiff any opportunity to discover the facts relevant to a just determination of this issue.

It appears here that part of the problem is that the court and defendant would limit discovery because the prosecutor is representing plaintiff. Our earlier order in this case resolved the prosecutor's ability to represent the plaintiff here. There is no support for the argument that discovery should be limited because the prosecutor is doing her job. Defendant argues that the Paternity Act specifically requires the prosecutor to use the Friend of the Court's child support formula as a guideline in requesting child support. MCL 722.714(3); MSA 25.494(3). However, there is no indication that use of this guideline limits the

amount that may be sought or restricts the prosecutor's duty to pursue the best interests of her client. If, as noted above, the report of the Friend of the Court is not binding on the parties, *Cochran, supra,* then it would not be logical to restrict one party to the formula used to produce that report.

We find that the trial court erred in restricting discovery here. Interrogatories related to defendant's financial situation would not conflict with the restrictions of *Pridemore.* Since the issue of support need not logically be addressed until after a finding of paternity, it would not be logical to deny discovery on that issue at the point it becomes relevant to a complete resolution of the case. We find no reason for restricting discovery based on the separate service provided by the Friend of the Court.

The decision of the trial court is reversed and this cause is remanded for further action consistent with this opinion. This Court does not retain jurisdiction.

Reversed and remanded.