PELLAR v PELLAR

Docket No. 102202. Submitted November 15, 1988, at Detroit. Decided
    July 5, 1989.

Plaintiff, Sheila Pellar, and defendant, Jerome Pellar, were di-
    vorced pursuant to a judgment entered in the Macomb Circuit
    Court. Plaintiff was awarded custody of the parties' three
    minor children and defendant was ordered to pay $37.50 per
    week for each child until the child reached eighteen years of
    age or until further order of the court. Plaintiff thereafter
    sought an order modifying defendant's child support obligation.
    At that time, defendant had made overpayments on his support
    obligations resulting in an aggregate credit on his account with
    the friend of the court in excess of $6,000. The circuit court,
    John B. Bruff, J., entered an order which increased defendant's
    support obligation to $67.50 per week for each of the two
    children who were still minors and continued such obligation
    until each child reaches eighteen years of age, graduates high
    school, whichever is later, or, in exceptional circumstances,
    until further order of the court. In addition, the application of
    defendant's overpayment as a credit to any existing child
    support obligation was prohibited. Defendant appealed.

The Court of Appeals held:

1. The circuit court erred by increasing support without first
finding a change of circumstances.

2. The court may not accord evidentiary weight to the facts
stated in the friend of the court report in establishing a factual
basis for an increase in support.

3. Sole reliance on an increase in one party's income without
consideration of other relevant factors is inadequate to estab-
lish that a change in circumstances has occurred.

4. Voluntary overpayments, even if made under a mistaken
belief as to their legal consequences, do not create a credit
against or otherwise serve to diminish the amount of the
obligor's subsequent court-ordered obligations. The trial court

REFERENCES

Am Jur 2d, Divorce and Separation §§ 1049-1051, 1078 et seq.
Change in or of needs of parents or children as ground for modifica-
    tion. 89 ALR2d 7.

properly determined that defendant was not entitled to a credit for his overpayments.

5. The authority to order support is limited to children less than eighteen years old, subject to exceptions not at issue in this case. On remand, the court shall enter an order providing that support is limited by the child's attainment of the age of majority.

Reversed and remanded.

MICHAEL J. KELLY, J., concurred in part but disagreed with the majority's adoption of a rule precluding the trial court from allowing credit against child support obligations for past voluntary overpayments of child support. He would leave the matter to the trial court's discretion.

1. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF SUPPORT ORDER.

Modification of a child support order requires a showing by the petitioning party to demonstrate a change in circumstances, a showing that takes into account all relevant factors; of particular importance are the needs of the child and the parties' abilities to pay; the sole reliance on an increase in one party's income without consideration of other relevant factors is inadequate to establish that a change in circumstances has occurred.

2. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF SUPPORT ORDER.

A circuit court, in making the determinations required when a party petitions for modification of a child support order, may not accord evidentiary weight to the facts stated in the report of the friend of the court, unless otherwise stipulated to by the parties, although the report may be used as an evaluative aid in understanding and resolving critical issues raised by the evidence.

3. PARENT AND CHILD — CHILD SUPPORT — VOLUNTARY OVERPAYMENTS.

Voluntary overpayments of a party's child support obligation, even if made under a mistaken belief as to their legal consequences, do not create a credit against or otherwise serve to diminish the amount of the obligor's subsequent court-ordered obligations.

4. PARENT AND CHILD — CHILD SUPPORT — MINORS.

A circuit court generally may not order child support beyond the child's eighteenth birthday.

*Margaret Barton,* for plaintiff.

*Richard J. Collins,* for defendant.

Before: HOLBROOK, JR., P.J., and MICHAEL J. KELLY and T. M. BURNS,* JJ.

HOLBROOK, JR., P.J. Defendant appeals from a modification order that effected an increase in his child support obligations. We reverse and remand for a new hearing on plaintiff's petition for modification of child support.

Pursuant to the original judgment of divorce entered in 1977, defendant was required to pay $37.50 per week for each of the parties' three children. Payments were ordered to continue until the children reached eighteen years of age or until further order of the court. From that time until plaintiff's filing of a petition for an increase in support in April of 1986, defendant made overpayments on support obligations, resulting in an aggregate credit on his account with the friend of the court in excess of $6,000. After requiring the friend of the court to prepare an investigatory report and recommendation and after conducting its own evidentiary hearing, the circuit court entered the modification order giving rise to this appeal. By that order, the court implemented the following: (1) support obligations were increased to $67.50 per week for each of the two children who were still minors, (2) the support obligations were ordered to continue "until each child attains the age of eighteen, graduates high school, whichever is later, or in exceptional circumstances, until further order of the Court," (3) application of the overpayment as a credit to any existing child support obligation was prohibited, and (4) the issue of support was ordered to be reviewed again by the

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

friend of the court in one year. The increased support level was fixed pursuant to the amount recommended by the friend of the court.

Defendant, the support obligor, argues that the circuit court erred by increasing support without first finding a change of circumstances and that the factual basis for the increase was derived by improperly according evidentiary weight to the friend of the court report. We find merit in these contentions and remand for a new hearing.

Modification of a support order requires a showing by the petitioning party to demonstrate a change in circumstances, a showing that takes into account all relevant factors. *Haefner v Bayman,* 165 Mich App 437, 444; 419 NW2d 29 (1988). Of particular importance are the needs of the child and the parties' abilities to pay. *Hoke v Hoke,* 162 Mich App 201, 206; 412 NW2d 694 (1987). Sole reliance on an increase in one party's income without consideration of other relevant factors is inadequate to establish that a change in circumstances has occurred. *Petoskey v Kotas,* 147 Mich App 487; 382 NW2d 804 (1985). In making the determinations required by a modification petition, the circuit court may not accord evidentiary weight to the facts stated in the report of the friend of the court, unless otherwise stipulated to by the parties, although the report may be used as an evaluative aid in understanding and resolving critical issues raised by the evidence. *Jacobs v Jacobs,* 118 Mich App 16, 22-24; 324 NW2d 519 (1982). We review the decision of the circuit court whether or not to modify support for an abuse of discretion. *Wells v Wells,* 144 Mich App 722, 733-734; 375 NW2d 800 (1985).

In this case, the testimony of plaintiff, the petitioning party, established only her own income level and her belief that defendant's income had

increased. Other than a reference to emotional difficulties experienced by one child, the needs of the children were not discussed, and no testimony of the financial consequences of their needs was provided by plaintiff. Defendant's testimony did not provide any further information on the children's expenses, except for his stated belief that some of the expenses noted in the friend of the court report were unreasonable and that none were documented. The court did not expressly find a change of circumstances, and, in our opinion, any finding of this nature would not have been possible because the record was inadequately developed, focusing too much on income to the exclusion of other relevant factors, particularly the children's needs. The determination of the court to modify child support is reversed and this case is remanded for a new evidentiary hearing on plaintiff's petition. Because it appears that the court may have assigned evidentiary value to facts stated in the friend of the court report, we caution the court to confine its use of the report and recommendation to the purpose stated in *Jacobs, supra.*

Defendant also challenges that provision in the modification order denying him the benefit of his overpayments of child support, which, according to defendant's argument, should be applied as a credit against existing and future support obligations. Because this issue will inevitably recur on remand, we choose to address it at this time. This appears to be an issue of first impression in this state. The majority view of other jurisdictions is that the support obligor is not entitled to a credit as a matter of law for voluntary overpayments made prior to those obligations sought to be offset by the overpayments. See Anno: *Right to credit on accrued support payments for time child is in*

*father's custody or for other voluntary expenditures,* 47 ALR3d 1031, § 15, pp 1055-1057. The rationale underlying the general rule is aptly stated in *Harner v Harner,* 105 Ill App 3d 430, 433; 434 NE2d 465 (1982):

> The general rule is that payments made for the benefit of children which are voluntary and not pursuant to a divorce decree may not be credited against other amounts due under the decree. This is true even where, as here, the payments are made under the mistaken belief that they are legally required. The policy underlying this rule is to prevent the supporting parent from, in effect, unilaterally modifying the support decree and thereby affecting the expectations of the custodial parent as to support payments. [Citations omitted.]

In *Haycraft v Haycraft,* 176 Ind App 211, 215-216; 375 NE2d 252 (1978), the court refused to recognize an overpayment credit, reasoning as follows:

> Since [the parties] had no power to modify the terms of the original support order by means of an extrajudicial agreement, any excess payment made under that supposed agreement had to be considered a gratuity or at least a voluntary contribution for the support of the children, and not a prepayment of future support obligations. If noncourt approved prepayments, such as those which Dudley suggests, were to be permitted, it would be possible for a parent, who is obligated to pay support, to build up a substantial credit, then suddenly refuse to make support payments for several weeks, months, or even years, thus thwarting the court's purpose in setting the payments at certain specified intervals, that of providing regular, uninterrupted income for the benefit of that parent's children, who are in the custody of another. The regularity and continuity of court de-

creed support payments are as important as the overall dollar amount of those payments.

We find ourselves in substantial agreement with the foregoing authorities and conclude that the rule against allowing a credit for voluntary over-payments is consistent with the policies underlying child support obligations pursuant to Michigan law.[1] Child support is not imposed for the benefit of the custodial parent, but rather to satisfy the present needs of the child. *Haefner, supra,* p 444. The needs of the child are of overriding importance, and the courts strive to protect the child from any adverse effects caused by the obligor parent's unilateral disruption or suspension of periodic support payments, even when the obligor parent is attempting to vindicate some right violated by the other parent having custody of the child. For instance, it has been held that the supporting noncustodial parent's recognized right to exercise visitation may not be sought to be enforced when wrongfully denied by suspending support payments if the result is that the interests of the child would be adversely affected. See *Richardson v Richardson,* 122 Mich App 531, 533; 332 NW2d 524 (1983). It is apparent that the purpose

---

[1] Some jurisdictions permit the obligor to offset past voluntary overpayments if the parties had previously agreed to do so or if there are other equitable circumstances and the child will not be adversely affected. See, e.g., *Raczynski v Raczynski,* 558 P2d 425 (Okla App, 1976); *In re Marriage of Peet,* 84 Cal App 3d 974; 149 Cal Rptr 108 (1978). But see *Haycraft, supra.* However, in this case, defendant does not allege that the parties reached an agreement regarding overpayments or that equitable considerations should have required the trial court to exercise discretionary power to recognize a credit. Defendant's argument is simply that he is entitled to credit for voluntary overpayments as a matter of law. Accordingly, we need not reach the question of whether the parties may agree to treat overpayments as a credit against future support obligations. But see *Cochran v Buffone,* 137 Mich App 761, 767; 359 NW2d 557 (1984)("First and foremost, parents cannot bargain away the right of their child to receive adequate child support payments.").

of structuring support in terms of periodic payments for the duration of the child's minority is to ensure that the child's needs are met on an ongoing, continuing basis. We hold that voluntary overpayments, even if made under a mistaken belief as to their legal consequences, do not create a credit against or otherwise serve to diminish the amount of the obligor's subsequent court-ordered obligations. To hold otherwise would create an unacceptable possibility of jeopardizing the child's right to receive support for his or her needs. Thus, we find no error in the determination of the circuit court that defendant was not entitled to a credit.

Defendant challenges the provision in the modification order extending his support obligations until the latter of each child's eighteenth birthday or graduation from high school, arguing that the court had no authority to continue support beyond the child's age of majority. We concur with the majority of the decisions of this Court in holding that the circuit court has no authority to order support beyond the child's eighteenth birthday, subject to exceptions not at issue here. See, e.g., *Felcoski v Felcoski,* 159 Mich App 762; 407 NW2d 11 (1987); *McNames v McNames,* 93 Mich App 477; 286 NW2d 892 (1979). The rationale of these decisions is that the authority to order support is limited by statute to children less than eighteen years old. MCL 552.17a; MSA 25.97(1). See also MCL 722.52; MSA 25.244(52). Although this Court in *Paaso v Paaso,* 170 Mich App 628; 428 NW2d 724 (1988), recently reached a contrary holding, we are not persuaded by the reasoning of that decision and therefore decline to depart from the previously settled state of the law. We direct the circuit court on remand to enter an order consistent with our holding that support is limited by the child's attainment of the age of majority.

Reversed and remanded.

T. M. BURNS, J., concurred.

MICHAEL J. KELLY, J. *(concurring in part and dissenting in part).* I disagree with the majority's adoption of a rule precluding the trial court from allowing credit against child support obligations for past voluntary overpayments of child support. Certainly circumstances could arise where equitable considerations would require that the noncustodial parent be credited for support given to the child beyond the actual support obligations. This principle has been recognized by the jurisdictions that the majority relies upon to devise its rule that credit should never be given. See *Isler v Isler,* 425 NE2d 667 (Ind App, 1981); *Strum v Strum,* 22 Ill App 3d 147; 317 NE2d 59 (1974). The more reasonable approach would be to leave it to the trial court's discretion whether to award the noncustodial parent credit for overpayments of child support. See *In re Marriage of Peet,* 84 Cal App 3d 974; 149 Cal Rptr 108 (1978); *Jones v Jones,* 462 So 2d 375 (Ala Civ App, 1984). I believe that such matters should be left to the sound discretion of the trial court, to be determined from the facts and circumstances of each case. *Jones, supra; Peet, supra.*